UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00131-MR

| | |
|---|---|
| JOSHUAH L. BURR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MACON COUNTY SHERIFFS ) | |
| OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion on the return of mail sent by the Clerk to Plaintiff as undeliverable [Docs. 5, 6].

Pro se Plaintiff Joshuah L. Burr ("Plaintiff") filed this action on May 28, 2020, pursuant to 42 U.S.C. § 1983, naming five Defendants based on an alleged failure to protect Plaintiff from an attack by another inmate while Plaintiff was incarcerated at the Macon County Detention Center in Franklin, North Carolina. [Doc. 1]. The alleged attack occurred on December 12, 2016. [Id. at 4].

Since Plaintiff filed his Complaint, the Clerk of Court has mailed Plaintiff an Order of Instructions [Doc. 3] and an Order for Prisoner Trust Account Statement [Doc. 4], both of which have been returned as undeliverable. [Docs. 5, 6]. The return stamps on the undelivered mail read: "RETURN TO

SENDER - ATTEMPTED – NOT KNOWN, UNABLE TO FORWARD." [Id.].

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Plaintiff fourteen (14) days in which to notify the Court of his updated address.[1]

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff has fourteen (14) days from this Order to notify the Court of his new address. Plaintiff's failure to timely notify the Court will result of dismissal of this action without prejudice

---

[1] The Court notes that, even if Plaintiff were to timely notify the Court of his new address, it appears that his action is barred by the statute of limitations in any event.

2

Case 1:20-cv-00131-MR   Document 7   Filed 06/22/20   Page 2 of 3

and without further notice to Plaintiff.

**IT IS SO ORDERED**.

Signed: June 22, 2020

Martin Reidinger
Chief United States District Judge

3